UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

DEREK BENEDICT, AND
MATTHEW DERR,

    Plaintiffs,  CIVIL NO.: _____

v.

**COMPLAINT**

NCO FINANCIAL SYSTEMS, INC.,

**JURY TRIAL DEMANDED**

    Defendant.
_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Derek Benedict (hereinafter "Plaintiff Benedict"), is a natural person residing in the County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Matthew Derr (hereinafter "Plaintiff Derr"), is a natural person residing in the County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant NCO Financial Systems, Inc. (hereinafter "Defendant"), is a "debt collector," as defined by § 1692a(6) of the FDCPA, operating from an address of 507 Prudential Road Horsham, PA 19044.

## FACTUAL SUMMARY

7. Plaintiff Benedict and Plaintiff Derr were, at all times referenced in this complaint, neighbors. At no time have Plaintiffs resided at the same property. At no time have Plaintiffs shared a telephone line.

8. Sometime prior to May 2011, upon information and belief, Plaintiff Benedict incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

10. On August 19, 2011, Defendant left a voicemail on Plaintiff Derr's home telephone. Plaintiff Derr returned the call. At that time Defendant asked if Plaintiff Derr was Plaintiff Benedict and disclosed that the call was in regards to a debt purportedly owed by Plaintiff Benedict. Plaintiff Derr denied that he was Plaintiff Benedict and requested that Defendant not call again with

regards to Plaintiff Benedict's purported debt. Defendant then requested Plaintiff Benedict's contact information. Plaintiff Derr replied that he would not provide that information without speaking to Plaintiff Benedict first.

11. On August 31, 2011, Plaintiff Derr received a second voicemail on his home telephone from Defendant. This message again concerned a debt purportedly owed by Plaintiff Benedict.

12. On September 29, 2011, Plaintiff Benedict received a third call from Defendant. No message was left at this time.

13. Plaintiff Derr informed Plaintiff Benedict of the contacts with Defendant.

14. Upon information and belief, Defendant has also contacted Plaintiff Benedict's mother regarding Plaintiff Benedict's debt. Plaintiff Benedict's mother neither resides with nor shares a telephone line with Plaintiff Benedict.

15. Upon information and belief, Defendant has been in contact with Plaintiff Benedict since at least February 11, 2011.

16. The conduct of Defendant tolled considerable stress on Plaintiff Benedict. Plaintiff Benedict reports sleeplessness, fear of answering the telephone, nervousness, fear of answering the door, embarrassment when in the company of friends and family, depression, feelings of hopelessness and worthlessness, headaches, digestive disorders, chronic pain, negative impacts on job performance and personal relationships.

## Violation of The Fair Debt Collection Practices Act

17. The conduct of Defendant constitutes numerous violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), and 1692d amongst others.

## Respondeat Superior Liability

18. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

19. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

21. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

22. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

23. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

28. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

29. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

30. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

                                                MARTINEAU, GONKO & VAVRECK, PLLC

Dated: November 3, 2011       s/ Mark L. Vavreck                   .
                                                Mark L. Vavreck, Esq.
                                                Bar Number #0318619
                                                Attorney for Plaintiff
                                                Martineau, Gonko & Vavreck, PLLC
                                                Designers Guild Building
                                                401 North Third Street, Suite 600
                                                Minneapolis, MN 55401
                                                Telephone: (612) 659-9500
                                                Facsimile:  (612) 659-9220
                                                mvavreck@mgvlawfirm.com